66   417
34a 387
66    417
109a ¹584
e109a¹585

## The Rockford, Rock Island and St. Louis Railroad Company

### *v.*

### George Wilcox.

1. Agency—*where authority of one acting for a corporation will be presumed.* As corporations can act only by agents, where a person acts openly and publicly as the agent of a corporation, and in such capacity employed a party to perform certain work and labor, and the work, when completed, was appropriated and used by the corporation, and the work was done with the knowledge of its agents: *Held,* that the agency and authority of such person so permitted to act must be presumed.

2. Implied promise. Where the plaintiff did certain work for a railroad company, and the company afterwards made a beneficial use of it, and one acting as agent of the company made the contract for the work, and where the company's engineer promised to make out a voucher for it, and the chief engineer laid out the work, and an assistant engineer signed a voucher therefor with the plaintiff's name therein as contractor: *Held,* that a promise to pay what the work was reasonably worth, might be inferred from such facts.

Appeal from the Circuit Court of Whiteside county; the Hon. William W. Heaton, Judge, presiding.

27—66th Ill.

This was an action of assumpsit, by the appellee against the appellant, to recover for work and labor done on a side track of appellant's railroad.

The plaintiff's second instruction, referred to in the opinion of the court, is as follows:

"The court instructs the jury that, if they believe, from the evidence, that the plaintiff did work on said side track of defendant's railroad, referred to in the evidence, without any express contract with defendant to do the same, and that afterwards defendant made beneficial use of such work, and promised the plaintiff to pay him therefor, and that they have not paid plaintiff therefor, then the jury will find a verdict for the plaintiff in an amount according to what the jury believe has been proved such work was worth."

Messrs. Henry & Johnson, for the appellant.

Messrs. Sackett & Allen, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

While we might not, upon the same evidence, have arrived at the same conclusion with the jury, we can not reverse for that reason.

The fact is not controverted that the work was completed fully, and has been appropriated to the use of the company. It has not been paid for, and we are not satisfied that the company is under any liability to pay any other person than appellee. The labor was performed, too, with the knowledge and under the directions of the agents of the company.

But we are asked to reverse because the work was done without a contract with the agent specially appointed for the purpose. Corporations can only act by agents, and we must presume authority in persons who are permitted to act for them. It is unreasonable to suppose that the persons who assumed to act for the company, were mere pretenders, without any authority. Their action was open and public, and

must have been known to the principal agents of the corporation. The jury were warranted in finding that Calcord and Conover were agents, and the company should be held responsible for their acts in the premises.

The modification of the second of appellant's instructions could not have operated injuriously. The objection taken is, that the instruction required the jury to believe that Conover was not only not agent of the company, but was agent of Irvin & Co. The instruction required this of the jury, as asked, and before it was modified.

It is claimed that there was no evidence to justify the second instruction given for appellee. The proof is abundant that appellee performed the work, that the company made beneficial use of it, and Conover, an agent, made the contract for it, Marshall, an engineer, promised to make out a voucher for it, Sweet, chief engineer, laid it out, and Sharman, assistant engineer, signed a voucher, with appellee's name therein as contractor. The promise might reasonably be inferred from such testimony.

The judgment is affirmed.

*Judgment affirmed.*