The Toledo, Wabash and Western Railway Co.

*v.*

The People, etc., for use, etc.

Statute construed—*creating penalty against railway companies and servants.* The intention of the statute, sections 52 and 53, R. S. 1874, p. 810, is, to subject the engineer, conductor and the railway corporation, indifferently, to the fine prescribed of not less than $10 nor more than $100, for obstructing highways, by stopping trains or leaving cars standing on any crossing, and not that the corporation shall be liable for the like sum for which the engineer or conductor shall have been convicted.

Writ of Error to the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

Messrs. Hay, Greene & Littler, for the plaintiff in error.

Messrs. Patten & Lanphier, for the defendants in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This suit was brought to recover from the railway company

certain penalties, for alleged violation of section 52 of Revised Statutes of 1874. (Rev. Stat. 1874, p. 810.)

Section 52 prohibits all railroad corporations from obstructing any public road or highway, by stopping trains or leaving cars standing on any crossing except for the purpose of receiving passengers, etc.

The 53d section provides as follows:

" Every engineer or conductor violating the provisions of the preceding section shall, for each offense, forfeit the sum of not less than $10 nor more than $100, to be recovered in an action of debt, in the name of the People of the State of Illinois, for the use of any person who may sue for the same, and the corporation on whose road the offense is committed shall be liable for the like sum."

The plaintiff, in this case, sued for twenty-five alleged violations of the above section 52.

The question raised on the record is simply one of the construction of the act.

It is contended, on the part of the plaintiff in error, that— as no specific sum is fixed by the act, but the engineer or conductor is made liable for the sum of not less than $10 nor more than $100, and the corporation is made liable for " the like sum "—the true interpretation is, that the railroad company shall be liable for the same fine inflicted on its servant and no more; that this is required to satisfy the words " the like sum; " that they refer to a 'sum certain — an ascertained amount actually adjudged against the offending servant, and not to that range of sums embraced between the limits of the fine permitted by the section; that the standard by which the liability of the company is to be measured can only be determined by the conviction of the servant who, in fact, violates the law—and, hence, that such conviction of the servant is a condition precedent to the conviction of the company, in order to ascertain " the like sum," which it is to pay.

After an attentive consideration of the argument in its favor which has been presented, we are unable to accede to the correctness of this construction of the statute. The intention of

the statute, as we read it, is to subject the engineer, conductor, and the corporation, indifferently, to the fine prescribed of not less than $10 nor more than $100, for a violation of the provisions of the act; that first declaring that the engineer or conductor should forfeit a sum of not less than $10 nor more than $100, and then that the corporation should be liable "for the like sum," meant no more than that the corporation should be liable for the like sum for which the engineer or conductor was liable; and not that the corporation should be liable for the like sum for which the engineer or conductor had been convicted and adjudged to pay.

The judgment will be affirmed.

*Judgment affirmed.*