## W. E. FRIEDLANDER & Co. v. JAMES CORNELL.

1. LETTER OF CREDIT—PRINCIPAL AND AGENT—EVIDENCE.—A letter of credit which announces the one to whom it is given as the agent of the writer, and which requests that any goods or assistance the agent may need should be furnished and charged to the account of the writer, but which gives no authority in terms to draw drafts, does not authorize the agent to draw a draft on the writer of the letter for advances made by the party to whom it is addressed. But in a suit on the drafts against the writer, it is competent to show other acts and admissions of the writer to fix his responsibility.

2. BILLS OF EXCHANGE—PRINCIPAL AND AGENT.—Authority to draw a bill of exchange may be presumed from repeated acts of the agent, adopted and confirmed by the principal previous to the contract in which the question is raised.

APPEAL from Uvalde. Tried below before the Hon. J. J. Thornton.

On the trial Friedlander & Co., plaintiffs below, introduced the letter of credit copied in the opinion, and offered to prove that Poteet, in whose favor it was drawn, had drawn other drafts on Cornell as his agent, which drafts were paid;

that Cornell had stated, subsequent to the date of the letter, that Poteet was authorized to draw drafts on him for such advances as were made to said Poteet by plaintiff; that the accounts of advances made to Poteet by plaintiffs were made out monthly and presented to Poteet, who drew drafts similar to those sued on on the defendant as his agent, in payment for said accounts, and that Cornell accepted and paid said drafts; all of this evidence, except the letter of credit, was excluded on objection by the defendant.

The court below instructed the jury that no evidence outside of the written authority contained in the letter could be considered by the jury. The court also said that the letter excluded the idea of such authority. The court further charged the jury: "The authority to do so (draw the drafts) is not contained in the letter. You cannot go outside of that written authority to consider any other fact for the purpose of extending Poteet's authority.

Verdict and judgment for appellee. Appellant assigned for error the refusal of the court to admit evidence of the admissions of appellee made subsequent to the date of the letter, to the effect that Poteet was authorized to draw drafts on him for advances made by Friedlander & Co.; and further, that similar drafts drawn by Poteet in settlement of accounts rendered him monthly for advances at Fort Stockton, in 1869, had been accepted and paid by appellee.

*Sheeks & Sneed* and *John R. Shook,* for appellant.

*Waelder & Upson,* for appellee.

GOULD, ASSOCIATE JUSTICE.—This suit was brought by the plaintiff in error on two drafts on James Cornell, defendant in error, payable to their order, dated at Fort Stockton, on June 3 and July 27, 1867, respectively, and each signed "E. H. Poteet, agent for Jos. Cornell." In an amended petition it was alleged that the drafts were drawn by Poteet, as agent for defendant, in payment for goods furnished and advances

made to Poteet for the use and benefit of defendant upon his
letter of credit or order in writing.    The order referred to is
as follows:

"FORT CLARK, TEXAS, *February* 12, 1869.
"Mr. W. E. FRIEDLANDER, *Fort Stockton, Texas.*

"DEAR SIR: My carts left here on the 7th for Stockton.    I
send Mr. Poteet to act as my agent, and in case he may want
any goods or assistance, you will grant it and charge to my
account, and oblige, yours, truly,

"JAMES CORNELL,
"*Per R. E. R.*"

There was a plea of *non est factum* under oath, denying the
authority of Poteet to draw the drafts, and the trial was on
that issue.

The court charged the jury that Cornell's letter conferred
no authority on Poteet to execute the drafts, and that they
could consider no other fact or evidence for the purpose of
extending that authority.    In pursuance of the same view
the court excluded evidence of admissions or statements by
defendant made subsequent to the letter, that Poteet was
authorized to draw drafts on him for advances made by
Friedlander & Co.; and further, that similar drafts drawn by
Poteet, in settlement of accounts rendered him monthly for
advances at Fort Stockton, in 1869, had been accepted and
paid by Cornell.

Certainly Cornell's letter authorized the furnishing to Po-
teet, on Cornell's account, of such goods and advances as he
might require in the matter of his agency; and it is equally
certain that the letter does not authorize Poteet to draw
drafts on Cornell.    But there is nothing in the letter incon-
sistent with the adoption of that mode of settlement, and if
it was in fact adopted with the sanction of Cornell, no reason
is perceived why that fact might not be established by evi-
dence of his admissions and by evidence of his payment of
other and similar drafts.    The letter of credit authorized
Poteet to create a debt, which Cornell assumed to pay.    Cer-

tainly it was competent for the parties to adopt some mode of having Poteet certify that indebtedness. As between the original parties, his draft amounts to little more than such a certificate. Assuming that the debt was properly created, it was competent for Cornell to give subsequent and valid authority to his agent to draw on him for the amount. An offer to prove this was not an offer to contradict or deny the letter, but was simply an offer to prove a parol authority to bind Cornell by the instrument sued on, if given for the consideration alleged.

The authority to draw a bill or execute a note may be, and often is, conferred without any writing, and may be presumed from repeated acts of the agent, adopted and confirmed by the principal, previously to the contract in which the question is raised. (Pars. on Cont., 46–48; Chitty on Bills, 28–31.)

The action of the court in this case was such as to withdraw from the jury the real issue made, viz: whether Cornell had in fact authorized, or had so acted as to justify the plaintiffs in the belief that he had authorized, Poteet to execute the instrument sued on. For the error in the charge and in excluding evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.