THE WESTERN UNION TELEGRAPH COMPANY

v.

MARY E. SATTERFIELD.

</div>

*Telegraph Companies—Trespass of Employes—Line Repairers—Cutting Trees—Master and Servant.*

Where the line repairer of a telegraph company has authority to cut down trees which, in his judgment, endanger the company's wires, and commits trespass in doing so, the company is liable.

<div align="center">[Opinion filed March 1, 1889.]</div>

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. GEORGE B. LEONARD, for appellant.

Messrs. POLLOCK & POLLOCK, for appellee.

Western Union Tel. Co. v. Satterfield.

Corporations can act only by agents, and where a person acts openly and publicly as the agent of a corporation, the agency and authority of such person to act must be presumed. When certain facts are admitted or proven the court trying the cause will notice without further proof all such presumptions and inferences arising from them as are warranted by uniform experience, and such consequences as are known to flow from the law governing such matters. Rockford, R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417; Hicks v. Silliman, 93 Ill. 255.

Where the contractors of a railway company trespassed upon the land of another the company will be held liable, and if wilful, the company may be held for exemplary damages. I. & St. L. R. R. v. Wells, 66 Ill. 321; Chicago & St. Paul R. R. Co. v. McCarthy, 20 Ill. 385.

Then, whether the trespass was committed wilfully and intentionally or ignorantly, can not affect the liability of the defendant.

Express authority to the agent is not necessary in order to hold the principal liable, etc. Harney v. Miles, 16 Ill. App. 533.

A corporation is liable for the tortious acts of its agents or servants acting in the ordinary service of the corporation. I. C. R. R. Co. v. Hanna, 72 Ill. 347, 353; C. R. I. & P. R. R. Co. v. The Town of Lake, 71 Ill. 333, 338; City of Galena v. Corwith, 48 Ill. 423; The Town of Harlem v. Emmert, 41 Ill. 320; Waterman on Trespass on Real Estate, Vol. 2, page 433, Sec. 977.

PHILLIPS, J. Action of trespass brought by appellee against appellant, for cutting timber. A trial by jury was had, and a verdict and judgment for $100. There is no controversy as to the fact of the injury, and the amount of damage.

The question presented is, whether the cutting was by the agent of the company, or under his direction, and whether, if so done, the agent was acting within the line of his employment. Corporations can act only by agents, and where a person acts openly and publicly as the agent of a corporation, we must presume authority in persons who are permitted to so act for them. R., R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417.

The evidence shows that the poles that sustain the wires of the telegraph company stand on the right of way of the Louisville & Nashville Railroad Company, and about twenty-five feet from the center of the track. Adjoining the right of way, and near the line of the telegraph company's wires, the trees, the cutting of which is the subject-matter of this suit, were standing. T. E. Robson, the road master, testifies that "Mr. Karberry was line repairer for appellant; have seen him repairing wires and putting up poles; he was often doing such repairs. The duty of the line repairer is to examine lines and wires, see that the lines are not obstructed, remove trees or anything dangerous."

M. F. Jolly testifies that he "was section foreman of the section along which the cutting was done. The chopping was done under the direction and control of Mr. Karberry, who was in the employ of the telegraph company, and was present and pointed out the trees to be cut, and no cutting was done except of trees thus pointed out." Under the direction of Karberry, trees twenty-five feet or more south of the right of way were cut. Witness was directed by the assistant road master to report with his men to Karberry, and cut such trees as might be pointed out. That Karberry was the line repairer for appellant, and his duties were such as stated by Robson, is not controverted, nor is the fact that he directed the cutting of the trees. Being so in the employ of the company, it was his duty to remove trees or anything dangerous to the line.

The determination of what might be dangerous was thus left to him. If, in determining that particular trees were dangerous, or might be so, he was mistaken in the exercise of a discretion left to him, it is still his act, in the discharge of the work of removing trees or anything dangerous to the line, as determined by him. If, in determining what might be dangerous to the lines of the company, he believed the trees on appellee's land were so, and to remove them committed a trespass, that trespass was committed by the agent of the company, in the discharge of his duties to the company, as he determined those duties, which were by the company left to him to determine. It was therefore in the line of his employ-

ment. Cooley on Torts, 538; C., St. P. & F. R. R. Co. v. McCarthy, 20 Ill. 385; P. & R. R. R. Co. v. Derby, 14 How. 468; Rounds v. Del., etc., R. R. Co., 64 N. Y. 129; Howe v. Newmarch, 12 Allen, 49.

We therefore hold the appellant was guilty of the trespass charged. We find no error in the giving or refusing instructions, and the judgment is affirmed.

*Judgment affirmed.*