## INDIANAPOLIS & ST. LOUIS RAILWAY COMPANY
### V.
## THE PEOPLE, FOR USE, ETC.

*Railroads—Obstruction of Highways—Pleading—Statutory Penalties— Liability for—Secs. 63-4, Chap. 114, R. S.*

1. In an action under Secs. 63-4, Chap. 114, R. S., providing penalties for the obstruction of highways by railroad corporations in leaving locomotives and cars at intersections thereof, it is unnecessary to allege that the corporation in question is the owner of the railroad.

2. Such corporation is liable, under Sec. 64, for the penalty provided therein for each offense alleged and proved in the action, the same as in the case of an engineer or conductor.

[Opinion filed November 27, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. JOHN T. DYE and AMOS MILLER, for the appellant.

Messrs. LANE & COOPER, for appellee.

WALL, J. It is provided by Secs. 63 and 64 of Chap. 114, R. S., as follows:

. "Sec. 63. No railroad corporation shall obstruct any public highway by stopping any train upon, or leaving any car or locomotive engine standing on said track, where the same intersects or crosses such public highway, except for the purpose of receiving and discharging passengers, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car, locomotive or engine."

"Sec. 64. Every engineer or conductor violating the provisions of the preceding section shall for each offense forfeit the sum of not less than $10 nor more than $100, to be recovered in an action of debt in the name of the people of the State of Illinois, for the use of any person who may sue for

the same, and the corporation on whose road the offense is committed shall be liable for the like sum."

The present action was brought against appellant to recover for forty-six alleged violations of the section first quoted. The Circuit Court overruled a demurrer to the declaration and appellant declining to make further answer, proceeded to hear evidence, and finding the appellant guilty on twenty-six counts, rendered judgments for ten dollars on each of said counts.

Two points are made by the brief of the appellant: 1st, that the declaration is bad in not averring that appellant was the owner of the railroad; 2d, that appellant is liable, if at all, for only one penalty and not for each offense committed.

As to the first objection, the averment is that " the defendant, then operating a certain railroad" (the one in question) "did propel and drive a locomotive engine and cars on the said railroad and did obstruct a certain highway named, for a greater space of time than ten minutes," etc., each count containing a similar averment. It is urged that by this allegation it does not sufficiently appear that " the defendant is the corporation on whose road the offense was committed."

The section first quoted declares that no railroad corporation shall obstruct any public highway, etc., etc., and the following section fixes the penalty. Manifestly the object of the latter section is to provide a punishment for the offense described in the former and to lay that punishment upon those committing the offense, the principal as well as the agent.

To prove that a certain corporation was operating the road when the offense was committed would be ample evidence of its liability.

Reading the two sections together we are of opinion that it is not necessary to aver or prove that the defendant *owned* the road, but that the fact of defendant operating the road makes defendant, for the purpose of this enactment, " the corporation on whose road the offense is committed." Such a corporation might well ᵤpeak of the road as *its* road, and the road might well be referred to as the road of that corporation. The language here used is to be taken in its

general sense and to have reference to the expression in the first section that "no railroad corporation shall obstruct," etc.

In the case of Ill. C. R. R. Co. v. Kanouse, 39 Ill. 272, it was held that a lessee corporation was subject to the provision of the statute requiring railroads to fence their lines, and it was said of such lessees that *pro hac vice* they must be deemed the owners. The statute then under consideration provided : That every railroad corporation *whose* line of road or any part thereof is open for use shall * * * and every railroad company formed or to be formed but *whose* lines are not now open for use," etc. Gross' Stat., 539. The language here employed is, as to the point in question, quite identical with that of the section now involved. In view of the plain object of the legislation and of the terms used we think the objection to the declaration was properly overruled. Linfield v. Old Colony R. R. Co., 10 Cush. 562.

The second point turns upon the construction of the last clause of the second section, which declares that the principal " shall be liable for the like sum." These words are in the same sentence with and clearly refer to the provision that " for each offense (the engineer or conductor) shall forfeit the sum of not less than $10 nor more than $100." " The like sum " is an equivalent expression for what precedes, set forth in detail, and refers to the matter for which the liability is imposed, viz., "for each offense;" which liability is also imposed upon the corporation on whose road the offense is committed.

It was intended to punish the principal equally with the agent, and it would be a narrow and unfair construction to hold under this expression that whereas the agent should be liable for each offense, the principal is liable but for one or rather for only one penalty for all offenses. The natural meaning and import is to hold the agent and the corporation each liable to the same punishment for every violation of the act.

In the case of T. W. & W. Ry. Co. v. The People, etc., 81 Ill. 141, the railroad company was prosecuted for twenty-five

alleged violations of the act under consideration. There it was contended these words, "the like sum," must refer to a sum certain actually adjudged against the offending servant, and that a conviction of the servant was a necessary prerequisite to a conviction of the company; but this view was not accepted by the court, and it was said that it was the intention to subject the conductor, engineer and corporation indifferently to the fine prescribed for violating the act, and that the corporation should be liable for the like sum for which the engineer or the conductor was liable. That case, while not deciding the precise point at issue, is in harmony with the position of the appellee in the present case.

If there were but a single offense, the servant and the company would of course be liable; but it would hardly be supposed that a conviction for such offense could be pleaded in bar of a prosecution for a subsequent offense or that a conviction for the second offense would preclude liability for a third. Yet, according to the construction contended for, if several offenses occurred before suit brought, even though happening so close together that separate suits would be impossible, but a single penalty could be inflicted upon the company, though the servant would be liable for as many penalties as there were offenses. Such a construction is forced and unnatural, would lead to results not intended by the lawmaker, and, in many instances, would defeat the object of the law.

The judgment will be affirmed.

*Judgment affirmed.*