## THE PACIFIC EXPRESS COMPANY V. J. T. BLACK.
### No. 993.

1. **Agency—Delivery to Express Company.**—The frequent exercise by a person of a power, of which the principal may have been presumed to have notice, may be regarded by persons dealing with the principal as sufficient evidence of the authority of such agent. This applies to employes of a railway company receiving packages for an express company.

2. **Notice.**—Notice to an agent of an express company receiving a package for shipment, that the package contained medicine for a sick person, was notice to the express company of the importance of the prompt delivery of such package.

3. **Damages for Delay in Delivery of Package of Medicine.**—A package containing medicine for plaintiff's wife was not promptly delivered by the express com-

pany. Physical and mental suffering of the wife caused by the delay were proper basis for recovery; mental suffering of husband is too remote.

4. **Medical Bill.**—The verdict allowed an amount for medical attendance. It not appearing how much of the sickness calling for such medical attendance was caused by the delay, the verdict allowing the entire medical bill was not supported by testimony.

APPEAL from County Court of Bastrop County. Tried below before Hon. R. W. SIDDALL.

*Burnett, Gardner & Webb*, for appellant, cited Rev. Stats., arts. 277, 279, 283; Railway v. Douglass, 2 Ct. App. C. C., sec. 30; Railway v. Nicholson, 61 Texas, 495; Railway v. Hall, 64 Texas, 616; Express Co. v. Darnell, 62 Texas, 641; Tel. Co. v. Cooper, 71 Texas, 507; Yoakum v. Dunn, 21 S. W. Rep., 411; Griffin v. Colver, 16 N. Y., 489; Evans v. Railway, 56 Ga., 498; Wells v. Express Co., 44 Wis., 342; Railway v. Dolan, 32 Mich., 510; Booth v. Bierce, 38 N. Y., 463; 98 Am. Dec., 73; Wade on Notice, sec. 586; Schouler on Bailments and Carriers, sec. 583.

*Jones & Garwood*, for appellee, cited Mech. on Agency, secs. 83–86, 718; Hale v. Bonner, 82 Texas, 33; Hoffman v. Tel. Co., 80 Texas, 420; Tel. Co. v. Richardson, 79 Texas, 649; Renihan v. Wright, 21 Am. St. Rep., 249; 125 Ind., 536.

COLLARD, CHIEF JUSTICE.—This suit was brought by appellee, J. T. Black, February 28, 1893, against appellant, the Pacific Express Company, for damages caused by delay in transporting and delivering a package of medicine sent by Dr. H. P. Luckett from Bastrop to Smithville, for plaintiff's wife, who was sick. The medicine was prescribed by the physician for Mrs. Black, who was seriously sick at her home, about one and one-half miles from Smithville. It was delivered by the druggist's clerk, one Tig. Jones, on the 25th day of December, 1892, at 6 p. m., under directions of Dr. Luckett, to one Will C. Miller, an employe of the railway company at the passenger depot, to be shipped by defendant to Smithville. Dr. Luckett had seen the patient (Mrs. Black) during the day, prescribed for her, and left some medicine to last until the package in question should arrive, which he promised to send on the evening train by express. The office of the express company was at the freight depot, about 150 yards from the passenger depot. Tig. Jones informed Miller that the box contained medicine for a sick person, Mrs. Black, and that it was important to ship it to Smithville on the next train, which was due at 6:20 p. m., but on this day was an hour late. One Harkrider was the regular agent of the express company at Bastrop, and came into the passenger depot about 6 p. m., when Miller delivered to him the package, and told him it was to go on the train to Smithville that night; but the testimony does not show that he informed Harkrider of the contents of

the box, that it was medicine for a sick lady, or that it was important. The package was not sent until next day evening.

It was a common practice for employes of the railroad at the depot to receive packages for the express company, which were always received and shipped by the company. The company permitted these employes of the railroad to receive articles for shipment by express without objection, on and prior to December 25, 1892. It was also in proof that, acting under Harkrider's orders, in his presence and under his directions, Miller, prior to December 25, 1892, received packages for the express company.

Plaintiff had his son at the depot on the night of December 25, 1892, to receive the package, but as it did not arrive, he returned home without it. It is in proof that Mrs. Black's sufferings were increased by the failure of arrival of the medicine, and that the medicine would have relieved her; and the testimony tends to show, that in consequence of its nonarrival she grew worse and had a long spell of sickness, requiring medical attention, and expenses for a physician who attended her afterwards in December and during the months of January and February. A fee of $75 for such services was shown to be reasonable. The proof also sustains the allegation of mental suffering by her, and it is also shown that Black, her husband, suffered from mental anxiety on account of the suffering of his wife. Plaintiff prayed for damages for these injuries.

The case was tried by the court without a jury, and judgment rendered for plaintiff for $300 for physical pain and mental suffering of plaintiff's wife, $25 for mental suffering of plaintiff, and $40 for medical bill, making $365 in all. Defendant has appealed.

*Opinion.*—Appellant contends that it is not liable, because the uncontradicted evidence shows that the package of medicine was not delivered to defendant at its office as alleged, but at a different place, to an employe of another company, having no connection with defendant or authority to bind defendant by receiving packages for shipment by it; that no receipt was given for the package binding defendant to deliver the package; and that neither defendant nor its authorized agent had any notice that the package contained medicine, so as to make it liable for the damages assessed by the court, until after the first train had left.

It being in proof that at the time in question, and prior thereto, all the employes of the railroad at the depot received packages for the express company at the passenger depot, there is no material variance in the allegations and the proof. The allegation is, that the package was received at the office of the defendant at its place of business. It did transact such business at the passenger depot, allowing the employes of the railroad to receive packages there, and shipping them as if received at the office by its regular agent. If there is a variance, it is not of that character that requires reversal. The place of delivery of

the package need not be proved strictly as alleged. Delivery for shipment is the gist of the matter, and that was proved. The fact that no receipt was given and no written contract made to ship the package, would not prevent a recovery, if it was accepted for shipment. Was it accepted for shipment by a duly authorized agent of the company? The employes of the railroad were in the habit of so receiving packages for the express company. The frequent exercise by a person of power, of which the principal may be presumed to have notice, may be regarded by persons dealing with him as sufficient evidence of his authority to act. Hull v. Railway, 66 Texas, 620; Prince v. Railway, 64 Texas, 144; Railway v. Cook, decided by this court at the present term, and authorities cited. These employes of the railroad were permitted to act for the express company. Friedlander v. Cornell, 45 Texas, 585; Reynolds v. Collins, 78 Ala., 94; Railway v. Wilcox, 66 Ill., 417.

Miller, an employe of the railway company, was so held out by the express company as its agent that his agency might be implied by persons dealing with him as such. Mechem on Agency, secs. 83, 84, et seq.

There was testimony before the court in this case from which it might be implied that Miller was the agent of the company to receive the package for shipment. He was notified of the fact that the package contained medicine for Mrs. Black, who was sick, and that it was important that it should be sent on the next train. This was notice to the company rendering it liable for the injury occasioned by its neglect in forwarding the package with reasonable dispatch. Injury, both physical and mental, was shown to have resulted to Mrs. Black by the neglect of the company in delaying the shipment; and we must hold that plaintiff, her husband, was entitled to recover for such injury. Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Hoffman, 80 Texas, 420; Hale v. Bonner and Eddy, 82 Texas, 33.

It was not error to admit evidence showing the physical and mental suffering of Mrs. Black as the result of the failure of defendant to forward the medicine in reasonable time. But we think the facts of this case bring it within the rule laid down in the Cooper case above cited. In that case, it was held that sympathetic mental sufferings of the husband, on account of the suffering and pain of the wife in prolonged labor, caused by the company's failure to deliver a message calling a physician to the latter, were too remote and consequential. She was the direct sufferer which caused him anxiety and alarm. Her injuries were the proximate result of the default of the company. To allow a recovery for the mental anxiety of the husband on account of the wife's increased suffering, either mental or physical, would be to allow a double recovery for the same cause of action. The court should not have allowed the $25 for the husband's injury.

Nor do we think it was correct to allow the amount of the medical bill due to the physician attending Mrs. Black in her long sickness. It is too remote, and could not have been in contemplation of the parties. The evidence does not show how much of the bill was for the alleged increased and prolonged sickness of plaintiff's wife.

We therefore think the judgment should be reversed as to the amounts allowed to plaintiff on his individual account and the medical bill, but affirmed as to the amount allowed for the suffering of Mrs. Black. It is ordered that the judgment of the lower court be so reversed and here rendered.

*Reversed and rendered.*

Delivered October 10, 1894.