# The Franklin Life Ins. Co. v. The People ex rel. James Yancey.

1. CONSTRUCTION OF STATUTES—*Chapter 73, Paragraph 27, Sec. 1, Hurd's R. S.*—Chapter 73, paragraph 27, section 1, Hurd's R. S., prohibits any life insurance company, or association organized under the laws of this state, or doing business within the limits of the same, from permitting any distinction, or discrimination between insurants of the same class and equal expectation of life, in its established rates, nor in the charging, collecting, demanding or receiving of the amount of premium for insurance of the same class and equal expectation of life; nor in the return ratably of the premium, dividends or other benefits accruing, or that accrue, to such insurants as aforesaid; nor in the terms and condition of the contract between any such company and the insurants; and provides that if any such insurance company or association, its agent or agents, as aforesaid, shall make any unjust discrimination, the same shall be deemed guilty of having violated the provisions of this act, and upon conviction thereof, shall, together with the agent or agents so unlawfully transacting its business, jointly and severally, be subject to a penalty of not less than $500, or not more than $1,000. *Held*, that the statute not only makes both corporation and agent liable, but expressly declares that the insurance company shall, together with the agent so unlawfully transacting said business, jointly and severally, be liable.

2. MASTER AND SERVANT—*Master Liable for Acts of Servant Within Scope of His Duty.*—While the servant is acting within the scope of his authority the master is liable for his acts, not only those which are merely careless or negligent, but also his willful and malicious acts.

**Suit to Recover Statutory Penalty.**—Appeal from the Circuit Court of Williamson County; the Hon. OLIVER A. HARKER, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed September 11, 1902.

WILLIAM W. CLEMENS, attorney for appellant.

A principal, whether an individual or a corporation, while liable civilly for damages for the fraud and deceit of an agent, is not liable criminally for the acts of the agent without evidence that the principal authorized, procured, or connived at the criminal conduct of the agent. Am. & Eng. Ency. L., Vol. 1, (2d Ed.) page 1161, and notes citing cases; Locke v. Stearns, 1 Met. 560; 35 Am. Dec. 382; Maisenbacker v. Society Concordia, 71 Conn. 369.

The insurance company has no interest in the proportion of the premium which belonged to the agent as his commission. A. W. Quigg v. W. F. Coffy, 18 R. I. 757; 30 Atl. Rep. 794; Thompson v. New York Life Ins. Co., 21 Oregon, 466, 28 Pac. Rep. 628; Lycoming F. Ins. Co. v. Ward, 90 Ill. 549-550; Hancock L. Ins. Co. v. Schlink, 175 Ill. 284.

L. D. HARTWELL, state's attorney, and PILLOW & SMITH, attorneys for appellee; ED. M. SPILLER, of counsel.

Where agents or servants of a corporation act within the scope of their employment, the corporation will be responsible for their negligence, frauds, or willful and wrongful acts, although such acts are against the positive instructions of such corporations. I. & St. L. R. R. Co. v. People, etc., 91 Ill. 452; C., B. & Q. R. R. Co. v. Jones, 149 Ill. 361; C. & E. I. R. R. Co. v. The People, 120 Ill. 667; The T. W. & W. R. R. Co. v. The People, 81 Ill. 141; Noecker v. People, 91 Ill. 494; N. Y. Life Ins. Co. v. The People, 95 Ill. App. 144.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was a suit in the Circuit Court by appellee against appellant to recover the penalty for allowing rebates, or discriminations between life insurants of the same class from rates of life insurance established by the appellant life insurance company.

The declaration consists of three counts, all substantially the same, and alleges an issue of a life policy to one Edward L. Dwyer for $1,000 by defendant company, acting through one H. C. Parr, agent, and charges an unjust distinction and discrimination in its established rates in favor of said Dwyer, and which discrimination was not embodied in said policy, etc.

The trial was by the court without a jury on a plea of not guilty. The defendant was fined $500 and costs, from which this appeal.

The evidence showed that the charge to said Dwyer as the first annual premium, by the agent, Parr, was $28.02,

when the regular rate for Dwyer's age was $32.02 on a $1,000 policy.

It does not appear that the company authorized, approved of, or connived at this action of its agent, or had notice of it.

There is no dispute as to the facts in the case.

Appellant urges a reversal of the judgment upon the grounds that the court refused to hold as law, four propositions duly submitted.

These propositions are as follows:

1st. " The court holds that the statute of Illinois under which this prosecution is sought to be maintained, which prohibits, under certain penalties, any discrimination by life insurance companies or rebates from their established rates for life insurance as between insurants of the same class or equal expectancy of life, does not authorize or warrant conviction of a life insurance company of the offense created by said act, where an agent of such insurance company canvassing for policies of insurance makes a discrimination between insurants of the same class, or allows, or offers rebates from the established rates of life insurance by said company, even where such agent is proven guilty of said offense, unless the evidence satisfactorily establishes the fact that the life insurance company authorized or knew of such criminal action by the agent, or colluded or connived at the agent's action, or approved, or consented to such agent's action in violating the statute in question."

" Refused."

2d. " The court hold a life insurance company doing business in the State of Illinois is not necessarily guilty of violating the statute of Illinois against discriminations between insurants of the same class, or making rebates from its established rates of life insurance between persons of equal expectancy of life, simply because it may be proven that its agent has violated the statute prohibiting such discriminations or rebates in life insurance; but before the insurance company could be lawfully convicted of said offense, it must be shown that the company either authorized the discriminations and rebates before such were made by the agents, if such discriminations or rebates were made by the agent of the company in fact, or that the company approved of such discriminations or rebates after they were made. And unless the evidence established that the defendant insurance company either authorized such discriminations or rebates before they were made, if any such

are proven, or approved or ratified such after they were made, the finding should be for the defendant insurance company."

" Refused."

3d.   " The court holds that it is a rule of law that a principal is not liable, criminally, for the acts of his or its agents, unless the evidence establishes the fact that the principal authorized or approved of the unlawful act of the agent."

" Refused."

4th.   " The court holds that this being a penal action it is not sufficient to warrant a conviction, that the evidence preponderates in favor of the contention of the defendant's guilt, but the evidence must be clearly and satisfactorily convincing that the defendant is guilty of the charge, otherwise the finding should be not guilty."

" Refused."

The sections of the statute under which this judgment was rendered are as follows :

" No life insurance company, or association organized under the laws of this state or doing business within the limits of the same, shall make or permit any distinction or discrimination between insurants of the same class and equal expectations of life in its established rates, nor in the charging, collecting, demanding or receiving of the amount of premium for insurance of the same class and equal expectation of life; nor in the return ratably of the premium, dividends, or other benefits accruing, or that may accrue, to such insurants as aforesaid; nor in the terms and condition of the contract between any such company and the insurants; and such contract of insurance shall be fully and wholly expressed and contained in the policy issued and the application therefor; nor shall any such company or its agents pay, or allow, or offer to pay or allow, to any person insured, any special rebate or premium, or any special favor or advantage in the dividends or other bene-fits to accrue in such policy, or promise the same to any person as an inducement to insure, or promise to give any advantage or valuable consideration whatever, not ex-pressed or specified in the policy of such company." Hurd's Revised Statutes, chapter 73, paragraph 27, Sec. 1.

" If any such insurance company or association, its agent or agents, as aforesaid, shall make any unjust discrimina-tion, as enumerated in section one of this act, the same shall be deemed guilty of having violated the provisions of

this act, and upon conviction thereof shall be dealt with as hereinafter provided.

" Any such life insurance company or association which shall transact its business in this state in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally, be subject to a penalty of not less than five hundred dollars, or not more than one thousand dollars, to be sued for and recovered in the name of the people of the State of Illinois, by the state's attorney of the county in which such agent or agents may reside, or in the county in which the offense is committed. One-half of said penalty when recovered, shall be paid into the treasury of said county, the other half to the informer of such violation." Hurd's Revised Statutes, chapter 73, paragraphs 28 and 29, sections two (2) and three (3).

The third proposition might have been held as a general proposition of law, but as it is not applicable under the statute in this case, as we view it, there was no error in its refusal.

As there is undisputed evidence in support of the allegation that the agent of appellant did make a rebate, there is no conflict of evidence involved, the only issue being one of law. There was, then, no reversible error in refusing to hold the fourth proposition as law.

The New York Life Insurance Co. v. People, 95 Ill. App. 136, was a case on all fours with the present case, except in it the judgment was against both company and agent. In that case, after a careful examination of the authorities cited, we hold that the company, although it did not know of the action of its agent, and did not ratify or affirm such action, was nevertheless liable, if its agent was guilty of violating the provisions of this statute. The judgment of this court was affirmed by the Supreme Court in 195 Ill. 430, upon a ruling on the admission of evidence, but construction of the statute was not discussed, the Supreme Court saying:

" The principal contention of appellant is, that it appears from the evidence that the rebates, if any, were made by its agent without the knowledge or consent, and against its express directions, and that it is not liable for a penal

offense so committed by another.   The question, as one of law, does not arise upon this record.   *   *   *   As the trial court was not asked to hold any propositions as law in the decision of the case, no question of law involving the construction of the statute is presented to us for decision."

By the refusal of the court, in the case at bar, to hold as law the propositions submitted by appellant, the construction of the statute is now directly presented for consideration.   It involves this question, namely : Is a corporation in this state liable for a penalty when its agent, without its knowledge or ratification, and against its instructions, violates a law, for which violation the statute in explicit terms imposes a penalty, jointly and severally, upon both agent and principal ?

In the opinion of this court, this is no longer an open question in this state, the highest tribunal of the state having repeatedly affirmed judgments against corporations for unlawful acts of their agents, although committed against positive instructions, and without the knowledge or affirmance of their principals.

We see no reason, then, for a different holding in the case at bar from that in New York Life Insurance Co. v. People, *supra*.   The statute is broad in its terms, requiring no *scienter* on the part of the corporations.

The right of appellant to incorporate and to transact business in the state, was conferred by the state.   When appellee accepted its charter from the state, it was with an implied obligation that it would conform to and obey the laws of the state, or suffer the consequences.

Corporations are intangible creations.   They can not be touched by physical punishment.   They act only through their living representatives.   What these representatives do in the transaction of the business of the corporation the corporation, in law, is held to have done.   When agents violate a statute directing, or prohibiting, a manner of conducting the corporate business, the corporation violates the statute.   If this were not so, the corporation itself would never be amenable to penalties for violations of law.   The

intangible corporation can not shield itself behind tangible agents whom its directors have chosen to represent it, and who may be financially irresponsible. To allow this would practically defeat the enforcement of law. Corporations other than insurance companies have frequently been held liable to penalties for the violation of statutes by their agents, although committed without their knowledge and against positive instructions. Why not insurance companies?

Toledo, Wabash & Western R. R. Co. v. The People, etc., 81 Ill. 141, affirms the liability of a railroad company to pay a penalty for the stopping of a train by its conductor or engineer upon a public crossing.

To the same effect is Indianapolis & St. Louis R. Co. v. The People, etc., 91 Ill. 452. It was an action to recover a penalty imposed by statute, for neglecting to stop a train before crossing another railroad track on the same level. In this case it is held that a direction to a conductor, or an engineer, to stop his train before crossing tracks, is no defense to an action against the corporation, where the statute has been violated by engineer or conductor. In this opinion the court say :

" The General Assembly, in adopting this police regulation, must have known that the officers having control of the corporation would not operate it, but would do so by employes; and that body must have intended to and did require these companies to employ men who would obey orders, or be responsible for their neglect or refusal. These companies know the legal requirements, and must, by such rules as may be necessary, compel their employes to observe the law, or respond to the penalty imposed by the statute."

If it be said that this law was in the nature of a police requirement, the reply is, that the authority of the legislature to pass the statute under which the prosecution in the case at bar is made, is not questioned, and we take it that it can not be successfully questioned. It was the violation of the law in the case last cited, that the court considered in its judgment, and not the reason for the passage of the law. The fact that the reason for the passage of one law may be different from the reason for the passage of another

law, does not affect the enforcement of either law. The duty of the courts to enforce laws does not depend upon the causes which led to their enactment, but does depend upon their terms clearly and definitely expressed.

It is just as true of an insurance company as of a railroad company, that " these corporations must compel their employes to observe the laws or respond to the penalties imposed by the statute." Courts can not discriminate in the enforcement of laws, holding that one class of corporations is liable for tortious acts of agents and another class is not liable.

In L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162, it is said, among other things, quoting from Pierce on Railroads, page 277-8:

" The company is liable for the acts of its servants in the course of their employment, both in the rightful use and in the abuse of the powers conferred upon them; and when they keep within the course of their employment, it is responsible for their negligence or wrongful act, although they are acting against its instructions, or even willfully." Citing numerous cases.

That the master is liable even for willful acts of his servant when done in the course of his business, whatever may have been the common law, is well established in this state by many decisions.

In C., St. P. & Fond du Lac R. R. Co. v. McCarthy, 20 Ill. 388, it was held that a railroad company is responsible for the tortious acts of its contractors while in the line of its employment.

To the same effect are Rockford, R. I. & St. L. R. R. Co. v. Wells, 66 Ill. 321; Hicks v. Silliman, 93 Ill. 255; Western Union Telegraph Co. v. Satterfield, 34 Ill. App. 386. Very many cases holding the same doctrine might be cited from our Supreme Court decisions.

Chicago City Ry. Co. v. McMahon, 103 Ill. 485, is a case where a clerk was employed to look after witnesses in damage suits against the company and to see that cases were ready for trial. Upon trial of a case against the company, plaintiff's attorney sought to prove that this clerk

had offered to bribe witnesses to swear for the company. It was objected to on the ground that the company was not liable for a wrongful act of its agent done without its authority. The objection was overruled.

The Supreme Court, in passing upon the relation of a corporation to its agents, discusses it at some length. In this opinion, among other things, it is said:

" Was the act, although unauthorized, and unsanctioned by the company, so far within the scope of his employment as to render his acts the same as those of the company ?  *  *  *  A corporate body being an intangible and mere imaginary body, must, to accomplish the purposes of its creation, employ or act through natural or physical instrumentalities. It must act through natural persons, and such natural persons perform the acts the corporation, by its charter, is authorized to perform. The agents of the corporation act for it, and it is by such agencies that it can exercise or perform any function, or incur any liability.  *  *  *

It is a general rule, without exception, that when a servant exercises his power or performs his duty in so careless or negligent a manner that wrong ensues to another, the master is liable in damages.  *  *  *  In this state, the rule has a more comprehensive definition and a broader application. It has been repeatedly held, that when acting in the scope of his duty, acts of the servant not merely careless or negligent, but willful and malicious acts, are embraced.  *  *  *  Nor is the rule a new one in this jurisdiction, as it has obtained for a quarter of a century or more.  *  *  *  If Green v. The Town of Woodbury, 48 Vt. 5, announces a different rule, it is opposed to the long and well established doctrines of this court; nor do we incline to change the rule of this jurisdiction merely for the sake of conformity."

We apply this last declaration of the Supreme Court to decisions cited by appellant from other states as applicable to the case at bar, some of which do not appear to be in harmony with the decisions in this state.

It is said in Singer Manufacturing Co. v. Holdfodt, 86 Ill. 455, that since the decision in St. Louis, Alton & Chi. R. Co. v. Dalby, 19 Ill. 353, it has been regarded as settled law that:

Franklin Life Ins. Co. v. The People.

"If the wrongful act of the agent is perpetrated while ostensibly discharging duties within the scope of the corporate purposes, the corporation may be liable to vindictive damages."

This asserts the doctrine that a corporation may be punished for the acts of its agents.

In Noecker v. People, 91 Ill. 494, it is expressly held that a fine may be recovered under a penal statute against a saloonkeeper for the violation of a statute by his bartender, although the act committed was against instructions. In this case the court say:

"When a defendant keeps intoxicating liquors for sale, he will be held responsible for sales thereof by his clerk, no matter what may have been his instructions to him not to sell."

To the same effect is State of North Carolina v. Kittelle, Lawyer's Reports Annotated, Vol. 15, p. 694; Riley v. State, 43 Miss. 397.

In a note on page 663 L. R. A., Vol. 41, commenting upon Bryan v. Adler, 97 Wis. 124, it is said:

"But a principal is criminally liable for a sale of intoxicating liquors by an agent under a statute forbidding a person from selling by himself, clerk, servant or agent, the proprietor being liable thereunder by whomsoever liquor was sold."   Citing authorities.

The test as to the liability of the principal for the unlawful act of his agent in such cases, being, as appears from the above citation, that the statute forbids sales by principal, agent or servant.

Applying this test to the case at bar, we find that the statute cited *supra*, provides that "if any life insurance company, or association, its agent or agents as aforesaid, shall make any unjust discriminations," etc.

This language brings the case under the rule as stated in the citation above made, the statute under consideration not only making both corporation and agent liable, but declaring that "the insurance company shall, together with the agent so unlawfully transacting said business, jointly and severally, be liable," etc.

If vindictive damages can be recovered against principals for willful, tortious acts of agents done within the scope of their employment, and without the knowledge of their principals; or fines collected from employers for a violation of law by an employe against the prohibition of his employer; or penalties enforced against railroad companies for the neglect of their servants to obey police regulations, which they have been ordered by their masters to obey, we fail to see why insurance corporations should escape when their agents violate statutes which in express terms apply to both companies and agents.

Without referring specifically to the points made by appellant, some of which seem to be sustained by decisions in other states, it is sufficient to say that they do not represent the law as held by the highest tribunal in this state.

We said in New York Life Insurance Co. v. The People, 95 Ill. App. 142, in commenting upon Satterfield v. Western Union Tel. Co., 23 Ill. App. 446, cited by appellant in that case, and again cited in the present case, " It is a case under the statute providing a penalty for cutting timber. It is held by the Supreme Court that such cutting must be willful in order to recover the penalty provided." The statute against cutting timber, does not, like the statute under consideration at bar, make the corporation jointly and severally liable with the agent for his unlawful acts. The distinction is, that the statute under which this action is brought does make both the corporation and its agent jointly and severally liable for the penalty when the statute is violated by the agent.

In Cushing v. Dill, 2 Scammon, 460, similarly cited, the Supreme Court say: " The statute gives the penalty against the actual trespasser only. It would be a violation of legal principles, therefore, to extend so as to embrace another by implication."

In the case at bar the penalty against the insurance company is not extended by implication, but is extended by express terms.

Seeing no error in the record, the judgment of the Circuit Court is affirmed.