## Metropolitan Life Ins. Co. v. The People of the State of Illinois.

1. WORDS AND PHRASES—*Cause of Action.*—The cause of action in a suit is the act or thing done or omitted to be done.

2. PLEADING—*Test Whether an Amended Declaration States a New and Different Cause of Action.*—Where it is contended that the amended declaration states a new and different cause of action, the test is whether the added count or the amended declaration sets out a new act or thing as the cause of action, or whether it states in a different form the original act or thing as the cause.

3. SAME—*Amended Declaration Stating Same Cause of Action in a Different Form—Statute of Limitations.*—Where an amended declaration merely states in a different form the cause of action set out in the original declaration, it relates back to the commencement of the suit, and is not subject to the plea of the statute of limitations.

4. PRACTICE—*Right to Amend After Evidence Heard, by Discontinuing as to One Defendant.*—Under our statute, the right to amend after evidence, by discontinuing as to one defendant and adding a new defendant, is clear.

5. INSURANCE—*Companies Jointly and Severally Liable with Agent Under Sec. 29, Ch. 73, R. S.*—Sec. 29, Ch. 73, R. S., makes an insurance company severally as well as jointly liable with its agent. The company and its agent may be sued separately, and judgment obtained against each, but there can be but one recovery; nor can there be more than one recovery against the company for the same rebate, whether made by the act of one or a dozen of its agents.

Debt, to recover a statutory penalty. Appeal from the Circuit Court of Johnson County: the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

WHITNEL & GILLESPIE, attorneys for appellant.

DAVID J. COWAN, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action in debt under Secs. 28 and 29, Chap. 73, Hurd's Statutes, 1901, brought by the People of the State of Illinois, through the state's attorney of Johnson county, to recover a penalty for an alleged violation of Sec. 27 of said chapter. Section 29 provides that any life insurance company, together with its agent or agents, violating this statute, shall be jointly and severally subject to a penalty of not less than $500 nor more than $1,000, to be sued for by the People of the State of Illinois by the state's attorney of the county in which such agent or agents may reside, or in the county in which the offense was committed.

The provisions of section 27 prohibit, under penalty, any life insurance company or any agent of any life insurance company, doing business within the limits of the State of Illinois, from making or permitting any distinction or discrimination between insurants of the same class and equal expectation of life, in its established rates, or in charging, collecting, demanding or receiving the amount of premium for insurants of the same class with equal expectation of life. Also prohibiting any such company or its agents from paying or allowing or offering to pay or allow to any person insured, any special rebate of premium, etc.

The liability of a life insurance company when the provisions of this statute have been violated by its agent, although not with the knowledge or acquiescence of the company, or even when done against its general orders, has been affirmed by this court, after a full discussion of the objections urged in The Franklin Life Insurance Co. v. The People ex rel. James Yancey, 103 Ill. App. 554.

Reference is hereby made to the opinion filed in that case, and the decision upon the points presented in it, which are again urged in this case, is adhered to.

There are, however, some questions presented in the present case which are peculiar to it, and should be considered.

The summons was issued March 5, 1901, to appear on March 25th, against the Metropolitan Life Insurance Company and M. M. Maddox, in a plea of debt, which was returned, served on both defendants, March 8th.

In the declaration as the same stood at the time the trial of this case was entered upon in the Circuit Court, it charged in five separate counts, varying somewhat in form, but each substantially alike, that the Metropolitan Life Insurance Company and M. M. Maddox, an agent of said company, the company acting through its said agent, on the 13th day of January, 1900, in writing a policy of insurance on the life of one Otis E. Harvick, paid and allowed him a special rebate of premium to the amount of $8.41. Both defendants appeared and pleaded the general issue. Jury was waived and the cause proceeded to trial before the court upon the issue thus formed.

After the evidence and arguments of counsel had been heard, plaintiff, on March 28, 1902, asked, obtained leave, and amended the declaration by striking out the name of M. M. Maddox, and inserting in its place wherever it had occurred, the name of F. A. Johnson.

To this amended declaration defendant pleaded the general issue and the statute of limitations. To the plea of the statute of limitations plaintiff demurred. The demurrer was sustained and defendant excepted. This ruling of the court is assigned as error. The court found for plaintiff and rendered judgment against the insurance company for $500. The form of the judgment is as follows:

" Whereupon the court, upon consideration, finds defendant, Metropolitan Life Insurance Company, guilty in manner and form as charged in the amended declaration as last amended; and it is adjudged and ordered by the court that the said defendant, Metropolitan Life Insurance Company, be and it is hereby ordered fined in the sum of $500."

Johnson, who was made co-defendant by the amendment of the declaration, was not in court, not having been served, and the case, as to him, was continued.

Appellant contends that the amended declaration states a new and different cause of action. If it does, the demurrer to the plea of the statute of limitations should have been overruled, as in such case the statute would have been a complete defense. But does it state a new and different action? An inspection of the pleadings shows that the gravamen in both the original and amended declarations is the allegation that the Metropolitan Life Insurance Company granted a rebate of premium on January 13, 1900, of $8.41 to one Otis E. Harvick. The original declaration alleged that this was done by its agent Maddox; the amended declaration that it was done by its agent Johnson. The offense charged is the same, and it is so shown by the pleadings.

The cause of action in a suit is the act or thing done or omitted to be done. In all cases of this character, the test is whether the added count or the amended declaration sets out a new act or thing as the cause of action, or whether it states in a different form the original act or thing as the cause. Phelps v. I. C. R. R. Co., 94 Ill 548; Swift & Co. v. Madden, 165 Ill. 45.

Where an amended declaration merely states in a different form the cause of action set out in the original declaration, it relates back to the commencement of the suit and is not subject to the plea of the statute of limitations. Swift & Co. v. Foster, 163 Ill. 52; Chicago, B. & Q. R. R. Co. v. Jones, 149 Ill. 364.

If the amended declaration, upon inspection, does not present a different cause of action, a demurrer to the plea of the statute of limitations is properly sustained. C. & N. W. Ry. Co. v. Gillison, 173 Ill. 264.

Under our statute, the right to amend after evidence heard, by discontinuing as to one defendant and adding a new defendant is clear. Practice Act, Chap. 110, Sec. 24.

The same section provides that " the adjudication of the court allowing an amendment, shall be conclusive evidence of the identity of the count."

In Thomas v. Fame Insurance Company, 108 Ill. 99, it is said :

" It was undoubtedly the intention of the legislature in adopting this provision, that no amendment after the commencement of the suit and before final judgment, resulting in a change or substitution of parties to the action, or in a change in the form of the action, should be deemed a change in the action itself."

In view of the statute and the authorities cited, we think there was no error in sustaining the demurrer to the plea.

Appellant contends that under the declaration as amended, the court erred in rendering judgment against the insurance company; that, it being sued together with Johnson as its agent, the judgment would have to be a joint judgment against both.

The statute makes the company severally as well as jointly liable with its agent. As a corporation it can violate the law only through its agents. The company and its agent might be sued separately, and judgment obtained against each, but there could be but one recovery; nor could there be but one recovery against the company for the same rebate, whether made by the act of one or a dozen of its agents. If Johnson had been served and in court, the judgment should have been a joint judgment, against the company and against him.

In such case, the decision in Indiana Millers' Fire Insurance Company v. The People, 170 Ill. 474, cited by appellant, would be in point. In that case, both the company and its agent were in court. In this case, Johnson not having been served, judgment could not be rendered against him. The record shows the case continued against him, and judgment can yet be had against him, if the evidence warrants. Practice Act, Chap. 110, Sec. 10.

There was no error, then, in rendering judgment against the insurance company only.

Appellant urges that the evidence fails to show that Johnson was an agent of the company. That the rebate was made to Harvick is not questioned, nor is it denied that a policy was issued by the company on a contract for insurance, however, and by whomsoever the contract was made. To this extent the company ratified what had been done. The company can not escape liability under the statute, by claiming that parties who solicited and obtained applications for insurance which were received by the company, and policies issued upon them, had not been formally appointed agents when they secured the applications. The company recognizes such parties as agents when it accepts and acts upon what they have done. The fact that such parties, without the knowledge of the company, have done what is prohibited by the statute, is no more a defense, than if an appointed agent had violated the statute, and that, too, in disregard of positive instructions by the company not to do so. That a corporation may be liable for a penalty, although its agent has violated the statute against its express orders, has been repeatedly held in this state. If it were otherwise, a corporation could never be held liable for a violation of the law if it directed its agent not to violate the law. We think, too, that the evidence fairly tends to show that Johnson at the time of soliciting the application, was a recognized agent of the insurance company.

F. M. Craig, actuary for the company, testifies, "The application was secured by agent F. A. Johnson, assisted by an assistant, M. M. Maddox."

Walter Funk testifies:

"I am superintendent of the Metropolitan Life Insurance Company, in its industrial branch, and general agent in the ordinary branch. F. A. Johnson was agent in the industrial branch to write insurance, and he had the power to take applications in the ordinary branch. The policy was issued in the name of the agent whose district it was, which was me."

Mr. Funk's testimony further shows that the premium, less the rebate, was remitted to the company, and the

policy issued; that he, as a general agent, received no commission on this premium for the first year, but would receive a commission on renewals in subsequent years.

Other alleged errors than those herein discussed are assigned.

As stated before, the main ground urged, namely, that the insurance company can not be held liable for acts of agents done in violation of its orders or without its knowledge, has been discussed and passed upon in Franklin Ins. Co. v. People ex rel. Yancey, *supra*.

A re-discussion in this case would be only a substantial repetition of what is said there. Other objections urged on a motion to arrest judgment, and other errors assigned on the record are not discussed by counsel for appellant, and may therefore be considered as waived.

Finding no error in the record, the judgment is affirmed.