# WILLIAM H. W. CUSHMAN

## *v.*

## FRANKLIN OLIVER.

CUTTING TIMBER—*penalty for, when may be recovered.* Where a purchaser of swamp land from the county fails to comply with the contract of purchase, and the county declares a forfeiture of the contract, and sells the land to another, such last purchaser is entitled to recover the penalty provided by the statute to prevent trespass by cutting timber, in an action of debt against the first purchaser, for timber wilfully and knowingly cut or caused to be cut, by him, on the land, after the delivery of the deed by the county to such second purchaser.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, under the statute to prevent trespassing by cutting timber, originally commenced in the Livingston circuit court, by William H. W. Cushman, against Franklin Oliver, and taken by change of venue to the county of McLean, where the cause was tried by the court without a jury, which resulted in a judgment for the defendant. To reverse this judgment this appeal is taken by the plaintiff.

It appears, from the record, that the land on which this timber stood was granted to Livingston county as swamp and overflowed land. It was a tract containing forty acres, which appellee, some ten years before the trespasses complained of, had agreed to purchase from the county, but having failed in his payments and in the performance of other conditions of the contract, the county, through the proper authority, declared the contract forfeited, and, in 1865, sold and conveyed the same, by deed, to appellant.

The trespasses complained of were committed in January, 1866, and the great preponderance of the evidence is, that the persons doing the cutting were brought on the ground by appellee for the express purpose of destroying the timber, he knowing, at the time, that appellant had the legal title to the land. The contract with the choppers was, they were to have one-third of the wood and appellee two-thirds; and one witness, Miller, testified that appellee's son came for him to go to the lot, and when he went he found ten or twelve men chopping under the direction of appellee. This witness hauled two days under this arrangement, and delivered two-thirds of the wood at appellee's house ; the other third he took home. The testimony of this witness, of Ellis, and of Roberts, greatly outweighs that of appellee, who testified he had nothing to do with these choppers, and did not receive two-thirds of the wood. The proof on these points is all against him.

From the testimony, we are strongly inclined to believe the act of appellee was wanton, wilful and malicious, and his claim of right had no foundation, as he well knew. The trespasses were committed by his direction and command.

It was said, in *Cushing* v. *Dill*, 2 Scam. 460, where this statute for the first time came up for construction, that to subject any one to its penalties, it must be shown to have been wilfully violated, by proof that the party charged committed the forbidden act himself or caused another to do it by his command or authority. And in *Whitecraft* v. *Vandever*, 12 Ill. 235, in referring to this case, it was said it could never have been the intention of the legislature to impose a penalty upon a person who, supposing, in good faith, he was cutting upon his own land, after having taken reasonable pains to ascertain its boundaries, should, inadvertently and by mistake, cut trees upon the land of another.

It is quite clear such was not the design of the act, for how often is it, one proprietor, without knowing it or intending it, may encroach upon the land of his neighbor and fell some of his trees. This would clearly be a cutting fairly ascribable to an honest belief the land was his own.

This case is far different in all its features, and is a case of wilful trespass, and the owner of the land ought to have the penalties provided by law.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*