# MARY E. SATTERFIELD

## v.

# THE WESTERN UNION TELEGRAPH COMPANY.

*Trespass—Cutting Trees—Action against Corporation for Penalty—Act of Servant—Authority—Liability of Corporation.*

1. Where it is sought to punish the master under Sec. 5, Chap. 136, R. S., for the act of his servant in cutting trees, it must appear that the servant committed the act under express or necessarily implied authority.

2. Corporations are liable for the torts of their agents or servants, acting within the scope of their employment, to the same extent as private individuals, but their liability is no greater than that of private individuals, and is limited by the same qualifications.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Jefferson County; the Hon. CARROLL C. BOGGS, Judge, presiding.

Messrs. POLLOCK & SONS and E. V. SATTERFIELD, for appellant.

In an action to recover the statutory penalty for cutting trees, the principal is liable and can not escape by showing that he turned his servants into an uninclosed lot, with directions only to cut trees on his own land.   Keirn v. Warfield, 60 Mass. 799; Coal Co. v. McCulloh, 59 Md. 400.   The statutes upon which these decisions are based are equally penal with the Illinois statute.

The principal is liable for the torts of his agent in the course of his employment, although the principal did not authorize, justify or participate in it and even disapproved of it.   Wright v. Wilcox, 19 Wend. 343; Foster v. Bank, 17 Mass. 479; Moir v. Hopkins, 16 Ill. 313; Tuller v. Voght, 13 Ill. 277, 285; May v. Bliss, 22 Vt. 477.

Corporations are liable for the wrongful acts and neglects of their servants and agents.   Henderson v. R. R. Co., 17 Texas, 560; Story on Agency, Secs. 127, 140, 308, 452.

The rule in strictly penal statutes does not apply in this case. While the Illinois statute is penal in its character it is simply remedial in its operation, and the same rule should be applied as in purely civil proceedings. Reed v. Northfield, 13 Pick. 94; McKay v. Woodle, 6 Ired. 352; Ellis v. Whitlock, 10 Mo. 781.

All remelial statutes should receive liberal construction. Jackson v. Warren, 32 Ill. 331; Hadley v. Morrison, 39 Ill. 392; R., R. I. & St. L. R. R. Co. v. Heflin, 65 Ill. 366; Smith v. Stevens, 82 Ill. 554.

A corporation is liable for the tortious acts of its agents and servants acting in the ordinary service of the corporation. Waterman on Trespass on Real Estate, Vol. 2, p. 433, Sec. 977; Town of Harlem v. Emmert, 41 Ill. 319.

Corporations stand on the same footing as a private individual, and the company is liable for the torts, etc., of its agents and servants. I. C. R. R. Co. v. Hammer, 72 Ill. 347; C., R. I. & P. R. R. Co. v. Town of Lake, 71 Ill. 333; Richmond R. R. Co. v. La. R. R. Co., 13 How. 71; City of Galena v. Corwith, 48 Ill. 423.

Messrs. George B. Leonard and Albert Watson, for appellee.

The declaration in this case claims a right to recover the statutory penalty alone, no count being laid to recover the value of timber clamed to have been cut by appellee, and the Supreme Court of our State has said that "in an action of debt for a penalty given by statute, e. g., cutting trees, the defendant must be the actual *tort feasor;* it must be shown that the act forbidden was either committed by the defendant or that he caused another to do it by his command and authority; it would be a violation of legal principles to extend it by implication to embrace another." Cushing v. Dill, 2 Scam. 460; Cushman v. Oliver, 81 Ill. 444; Whitecraft v. Vanderver, 12 Ill. 235.

And this court says again in the case of Watkins v. Gale, 13 Ill. 152, that such trespass and cutting must be knowingly and wilfully done by the defendant, or he must have acted with criminal negligence.

WILKIN, P. J.    This action was brought under Sec. 5, Chap. 136, R. S., of this State, to recover a penalty for cutting trees.

On a trial before the court, a jury being waived, judgment was rendered for the defendant for costs, and plaintiff appealed.

The evidence proves that trees were cut on plaintiff's land near the right of way of the Louisville and Nashville Railroad Company, and along the line of appellee's telegraph wire.' The cutting was done by employes of the railroad company, under the directions of one William Carberry, superintendent of wires, for appellee.    There is a conflict of evidence as to whether the cutting was done at the instance of the railroad company, or whether Carberry caused it to be done as the representative of appellee, but for the purpose of this decision it may be considered that the latter theory, which is insisted upon by appellant, is established by the proof.

There is no evidence tending to show, nor is it claimed by appellant, that appellee gave any orders, directions or authority to cut the trees, or that it has in any manner ratified the act of so doing.    Carberry testified that the company never, at any time, authorized him to cut these or any other trees, and his evidence is wholly uncontradicted.

The liability of appellee, if any, must therefore rest upon that rule of law which holds the principal or master liable for the tort of the agent or servant done in the course and within the scope of his employment.    That corporations are now generally held to be so liable, to the same extent as private individuals, is true, but the liability is no greater, and is to be limited by the same qualifications.    To both alike the rule applies, *respondeat superior.*    Wood's Field on Corporations, Secs. 281, 282 and 283.

" Whenever the injury may be done through the agent, and an action therefor sustained against an individual principal, under like circumstances, an action will lie against a corporation."    *Ib.*, Sec. 300.

" As natural persons are liable for the wrongful acts and neglect of their servants and agents, done in the course and within the scope of their employment, so are corporations upon the same grounds, in the same manner and to the same extent."    Angell and Ames on Corporations (9th Ed.) Sec. 310.

This action is for the recovery of a penalty. The liability of appellee for the acts of Carberry being the same as though it were a private individual instead of a corporation, the case of Cushing v. Dill is decisive of this case, and on its authority the judgment of the Circuit Court is sustained.

In that case employes of Cushing cut timber on the land of Dill, and the latter sued Cushing for the penalty provided by this statute. Chief Justice Wilson in rendering the opinion of the Supreme Court says: "Whether he (Cushing) would not therefore be liable in another form of action upon the principle that the master is liable for the acts of his servants, done in the execution of his master's orders, are questions which do not arise in the investigation of this case, although counsel seem to regard the settlement of these points as deciding the case. The action is brought upon a penal statute, the object of which is to punish a wrong-doer as well as to recompense the injured individual. To subject any one, therefore, to the penalty of the act, it must be shown to have been wilfully violated, by proof that the party charged committed the forbidden act himself or caused another to do it by his command or authority. The statute gives the penalty against the actual trespasser only; it would be a violation of legal principles, therefore, to extend it so as to embrace another by implication. The liability arising from the relation of master and servant is founded in policy, but the implication of authority in the servant that would render the master liable in many cases in a civil suit, would not be sufficient to convict him in a criminal or penal prosecution. The maxim, *qui facit per alium facit per se*, would be strictly applicable in an action of trespass against Cushing, but in this prosecution he is liable only for his personal acts, or such acts of his workmen or servants as are proved to have been done by his express, or at least, necessarily implied authority. There is no proof of such acts or such authority having been given by Cushing to those who committed the trespass; he can not, therefore, be considered liable under this statute." Cushing v. Dill, 2 Scam. 460. The reasoning of this case is adapted and approved in Whitecraft v. Vanderver, 12 Ill. 235, and

Cushman v. Oliver, 81 Ill. 444. These authorities settle, beyond controversy, that the action is penal. That to subject one to that penalty the act must be done knowingly and wilfully, or there must have been criminal negligence. It follows, therefore, as is held in Cushing v. Dill, *supra*, that when it is sought to hold the master liable for the act of the servant— in other words, where an attempt is made under this statute to punish the master for the act of his servant, it must appear from the evidence that the servant committed the act under the express directions of the master, or at least that from the nature of his employment authority to do the act was necessarily implied. No such evidence appears in this case.

If appellant was simply seeking damages for the injury done her, other questions would arise not necessary to be decided now. We think the judgment of the Circuit Court is clearly sustained by the decisions of our Supreme Court and is supported by sound legal principles and reasoning.

*Affirmed.*

PILLSBURY, J., dissenting.