New York Life Ins. Co. v. The People, etc., ex rel., etc.

1. LIMITATIONS—*Amendments to Declarations.*—Where an amendment to a declaration sets up no new matter or claim, but merely restates in a different form the cause of action set out in the original declaration, it relates back to the commencement of the suit and the statute of limitations is arrested at that point.

2. AGENTS—*Of Insurance Companies May be Compelled to Testify.*— In actions in the name of the people under the statute to prevent unjust

discrimination between insurants (Hurd's R. S. 1899, p. 978) to recover the penalty prescribed, an agent of the company, made defendant, may be compelled to testify against his company and over his objections.

3. DAMAGES—*Liability of Corporations to Respond in Exemplary Damages.*—Corporations may become liable to respond in exemplary damages for the wrongful acts of their agents in the line of their employment.

4. INSURANCE COMPANIES—*Liability for the Acts of Their Agents.*— A foreign insurance company is liable for the acts of its agent under the statute against making unjust discriminations between insurants in securing policies of insurance, although in doing so he may have violated his instructions.

5. FOREIGN INSURANCE COMPANIES—*Legislative Authority Over.*— The legislature has authority to fix the conditions under which a foreign insurance company may do business in this State, and if its agents violate such conditions, though contrary to its orders, the company, as well as the agent, will be liable.

6. APPELLATE COURT PRACTICE.—*Errors Not Pointed Out Are Abandoned.*—When counsel allude to errors in the record but do not deem them of sufficient importance to point them out, the court will presume that they are not material.

Debt, for a statutory penalty. Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

CLEMENS & WARDER, attorneys for appellant, EDWARD O'BRYAN, of counsel, contended that a principal, whether an individual or a corporation, is liable, civilly, for damages for the fraud and deceit of an agent, but not criminally. Am. & Eng. Ency. L., Vol. 1, p. 417; Locke v. Stearns (Mass.), 35 Am. Dec. 382.

Punitive or exemplary damages, in the nature of punishment, are not recoverable from a principal for the acts of an agent, unless it is shown the principal authorized, connived at, or approved of, the wrongful act of the agent. Seibert v. The State, 40 Ala. 60; Mitchell v. Mims, 8 Tex. 6; Satterfield v. Western U. Tel. Co., 23 Ill. App. 446; Hipp v. The State (Ind.), 33 Am. Dec. 463; Mullinix v. The People, 76 Ill. 213; Boylston v. Bain, 90 Ill. 283; Noecker v. The People, 91 Ill. 494; Dally v. Young, 3 Ill. App. 39.

R. R. FOWLER, State's Attorney, etc., and W. W. DUNCAN, attorneys for appellee.

A corporation, by necessary implication, is subject to the legislative power of the State to define, prohibit and punish extortion, the same as in case of natural persons. The act is constitutional, and other States have so held as to similar statutes. I. C. R. Co. v. The People, etc., 95 Ill. 313; C., B. & Q. R. R. Co. v. Jones, 149 Ill. 365; People v. Formosa, 27 Am. State Rep. 612; Commonwealth v. Morningstar, 144 Pa. St. 103; C. R. C. v. Commonwealth, 80 Ky. 137; Commonwealth v. H. F. B. Co., 68 Mass. (2 Gray) 58; L. & N. R. Co. v. State, 40 Tenn. (3 Head) 523; State v. Grand Trunk Ry., 58 Me. 176.

Where an amendment to a declaration sets up no new matter or claim, but merely restates in a different form the cause of action set out in the original declaration, it relates back to the commencement of the suit, and the statute of limitations is arrested at that point. C., B. & Q. R. R. Co. v. Jones, 149 Ill. 364.

Where agents or servants of a corporation act within the course of their employment, the corporation will be responsible for their negligence, frauds, or willful and wrongful acts, although such acts are against the positive instructions of such corporation.

In such cases the corporation may be sued in case of trespass, as for assault and battery, as the facts may justify.

In trespass, see The St. Louis A. & C. R. Co. v. Dalby, 19 Ill. 353; Singer Mfg. Co. Holdfodt, 86 Ill. 455; C. B. & Q. R. R. Co. v. Bryan, 90 Ill. 126; The C. & N. W. R. R. Co. v. Peacock, 48 Ill. 253.

In case, Toledo, W. & W. Ry. Co. v. Harmon, 47 Ill. 298; Lake Shore & M. S. R. R. Co. v. Brown, 123 Ill. 162; The Northwestern R. R. Co. v. Hack, 66 Ill. 238; C., B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; C. & N. W. R. R. Co. v. Williams, 55 Ill. 185; I. C. R. R. Co. v. Read, 37 Ill. 485.

To recover statutory penalty, see The I. & St. L. R. R. Co. v. The People, etc., 91 Ill. 452; and see also Am. and Eng. Ency. of Law, Vol. 1, 417 (1st Ed.) and notes there cited.

A corporation is liable for punitive or exemplary dam-

ages for the willful or wanton injuries inflicted by its agents or servants while engaged in its business. The knowledge of the agent or servant and their acts are the knowledge and acts of the corporation. Singer Mfg. Co. v. Holdfodt, 86 Ill. 455; C., B. & Q. R. R. Co. v. Bryan, 90 Ill. 126; The C. & N. W. Ry. Co. v. Williams, 55 Ill. 185; I. C. R. R. Co. v. Hammer, 72 Ill. 348; Am. and Eng. Ency. of Law (2d Ed.), Vol. 7, 834, 831 and 826, and cases there cited.

Corporations may become liable for statutory penalties through the acts of their agents or servants. They can not escape such liability by showing that their agents or servants acted against their instructions or without the knowledge. or approval of such corporations. The I. & St. L. R. R. Co. v. The People, use, etc., 91 Ill. 452; C. & E. I. R. R. Co. v. The People, etc., 120 Ill. 667; The I. C. R. R. Co. v. The People, etc., 95 Ill. 313; T., W. & W. Ry. Co. v. The People, etc., 81 Ill. 141; The M. & O. R. R. Co. v. The People, ex rel., etc., 24 Ill. App. 250; C. & A. R. R. Co. v. Adler, 56 Ill. 344; C. & E. I. R. R. Co. v. The People, etc., 44 Ill. App. 632; O., Ind. & W. R. R. Co. v. The People, 39 Ill. App. 473; C. & E. I. R. R. Co. v. People, 24 Ill. App. 562; I. C. R. R. Co. v. People, 49 Ill. App. 542; C. & A. R. R. Co. v. People, 105 Ill. 657; The C. & St. L. R. R. Co. v. Murray, 82 Ill. 76.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action of debt for the recovery of a penalty, brought by appellee against appellant and one Will H. Piety, under sections 27–29 of chapter 73, Revised Statutes (Hurd's Edition, 1897), for making unjust discriminations between insurants in life insurance contracts.

The issuance and allowance of rebates are alleged as occurring in two insurance policies, the one issued to A. K. Elles, of date January 5, 1897, for $5,000, and the other issued to one John Herrin, of date January 13, 1897, for $1,000.

Suit was brought to the September term, 1898, of the Williamson County Circuit Court, and judgment rendered at the September term, 1899, finding both defendants

guilty, and assessing a fine of $500 in each of two counts against each of the defendants, or $1,000 in the aggregate, against each defendant.

A jury was waived, and the case tried by the court. The New York Life Insurance Company appeals.

The statute of limitations was pleaded by each of the defendants.

Summons was issued against the New York Life Insurance Company, impleaded with Will H. Piety, June 18, 1898, less than two years after the making of the application for life insurance by Albert K. Elles and John Herrin, to whom it is insisted by appellee that the appellant, through said Will H. Piety, unlawfully made rebates of premium. The amended declaration sets up no new matter, but simply restates the first four counts of the original declaration in different form. Appellees did not seek to recover on the fifth and sixth counts of the amended declaration. The original declaration was filed September 15, 1898, and the amended declaration February 13, 1899.

Where an amendment to a declaration sets up no new matter or claim, but merely restates in a different form the cause of action set out in the original declaration, it relates back to the commencement of the suit, and the statute of limitations is arrested at that point. C., B. & Q. R. R. Co. v. Jones, 149 Ill. 364.

There was no error in finding against defendants upon the plea of the statute of limitations.

The section of the statute claimed to have been violated and the penalty for its violation are as follows:

"No life insurance company or association organized under the laws of this State, or doing business within the limits of the same, shall make or permit any distinction or discrimination between insurants of the same class and equal expectation of life, in its establishment rates; nor in the charging, collecting, demanding, or receiving of the amount of premium for insurants of the same class and equal expectation of life; nor in the return ratably of premium, dividends, or other benefits accruing, or that may accrue, to such insurants as aforesaid; nor in the terms or conditions of the contract between any such company and the

New York Life Ins. Co. v. The People.

insurants; and such contract of insurance shall be fully and wholly expressed and contained in the policy issued and the application therefor; nor shall any company or its agents pay, or allow, or offer to pay or allow, to any person insured, any special rebate or premium, or any special favor or advantage in the dividends or other benefits to accrue in such policy, or promise the same to any person as inducement to insure, or promise to give any advantage or valuable consideration whatever, not expressed or specified in the policy of such company.

" If any such life insurance company, or association, its agent or agents as aforesaid, shall make any unjust discriminations, as enumerated in section 1 of this act, the same shall be deemed guilty of having violated the provisions of this act, and upon conviction thereof shall be dealt with as hereinafter provided.

" Any such life insurance company or association which shall transact its business in this State in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting such business, jointly and severally, be subject to a penalty of not less than $500 or not more than $1,000, to be sued for and recovered in the name of the people of the State of Illinois by the state's attorney of the county in which such agent or agents may reside, or in the county in which the offense is committed. One-half of said penalty, when recovered, shall be paid into the treasury of said county, the other half to the informer of such violation."

The evidence shows that appellant is a life insurance company of the State of New York, and was doing a life insurance business within the county of Williamson and State of Illinois; that the said Will H. Piety was an agent of said company, authorized to make contracts of life insurance and collect first premiums for the same. That in December, 1896, as such agent, he took the written applications of Albert K. Elles and John Herrin in Williamson county, Illinois, for life insurance in the sums of $5,000 and $1,000 respectively. That the said agent mailed said applications to the branch office of said insurance company at Cairo, Illinois, and in reply received the policies for said insurants and delivered them to said insurants in January, 1897; that the regular annual premiums usually charged by said company for such insurance sold the said Albert K.

Elles and John Herrin, is $262.50 and $49 respectively, per annum; that said amounts were expressed in said policies so delivered to said insurants as the annual premiums; that at the time of the making and completing said contracts of insurance the said agent, Will H. Piety, agreed to, and did, make a rebate of premium to said Albert K. Elles and John Herrin on said policies, only charging and receiving from the said Albert K. Elles, as first premium, $126.50, instead of charging the full and regular premium of $262.50, and only charging and receiving from the said John Herrin the sum of $40 instead of $49, the regular premium expressed in his policy, and that said contracts for rebate of premium to said insurants were not expressed in said policies.

That the policies in question came from the company in New York to said branch office, and from it to Piety. The subsequent premiums due on said policies were paid by Elles and Herrin to said insurance company and accepted and receipted for by it through said branch office.

Appellant assigns for error that Piety, its co-defendant, was compelled to testify against his objection. This was not error. It is a civil action, authorized by the statute to be brought in the name of the people, to recover a penalty, one-half of which goes to the informer.

Appellant insists that "punitive or exemplary damages, in the nature of punishment, are not recoverable from a principal for the acts of an agent, unless it is shown the principal authorized, connived at, or approved of, the wrongful act of the agent," and cites many authorities from other States in support of the position, and some from this State. In testing the relevancy of these authorities, the statute violated in this case must be considered. It provides:

"No life insurance company    *    *    *    shall make or permit any distinction or discrimination between insurants of the same class    *    *    *    nor shall any company or its agents pay, or allow, or offer to pay or allow, to any person insured, any special rebate or premium, etc."    *    *    *

" If any such life insurance company    *    *    *    its agent or agents, shall make any unjust discrimination    *    *    * *the same* shall be deemed guilty of having violated the provisions of this act."    *    *    *

" Any such life insurance company which shall transact its business in this State in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally, be subject to a penalty," etc.

The case of Satterfield v. W. U. Telegraph Co., 23 Ill. App. 446, is not in point. It is a case under the statute providing a penalty for cutting timber. It is held by the Supreme Court that such cutting must be willful in order to recover the penalty provided.

The statute does not, like the statute in the case at bar, make a corporation jointly and severally liable with its agent for his unlawful acts.

In Cushing v. Dill, 2 Scammon, 460, a leading case construing the statute for cutting timber, the court says :

" The statute gives the penalty against the actual trespasser only. It would be a violation of legal principles, therefore, to extend it so as to embrace another by implication."

It is said by the court in Satterfield v. The W. U. Telegraph Co., *supra :*

" These authorities settle beyond controversy that the action (for cutting timber) is penal. That to subject one to that penalty, the act must be done knowingly and willfully, or there must have been criminal negligence. It follows, therefore, as held in Cushing v. Dill, *supra*, that when it is sought to hold the master liable for the act of the servant, in other words, where an attempt is made under the statute to punish the master for the act of his servant, it must appear from the evidence that the servant committed the act under the express direction of the master, or at least, that from the nature of his employment, authority to do the act was necessarily implied. No such evidence appears in this case."

The reasoning of the court in this decision, shows clearly that the construction given to the statute under its consideration does not apply to the statute involved in the case at bar. These decisions would be in point if the statute involved in this case is to be similarly construed. But we think it is not.

In Noecker v. People, 91 Ill. 494, it is held that "when a defendant keeps intoxicating liquors for sale, he will be held responsible for sales thereof by his clerk, no matter what may have been his instructions to him not to sell."

This was so held because the statute was unqualified, being as follows:

"Whoever not having a license, etc., shall sell without any exception whatever to any class of persons or cases."

So in the statute under consideration there is no exception. It is broad and positive, "if any life insurance company, or its agent, shall make any unjust discrimination, the same shall be deemed guilty." * * * And "any such life insurance company * * * shall, together with its agent so unlawfully transacting such business, jointly and severally be liable." In an action to recover a penalty, in I. & St. L. R. R. Co. v. People, 91 Ill. 452, the Supreme Court holds, that a rule of the company prohibiting what was done by its engineer, was no defense on the part of the company to the action, and that a railroad company must see that its servants obey the law, and is liable for their neglect to do so. When servants of a railway corporation keep within the course of their employment the master will be responsible for their wrongful acts, although such acts are against instructions and are even willfully performed. L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162.

So corporations may be liable for exemplary damages for the wrongful acts of their agents in the line of their employment. Singer M. Co. v. Holdfodt, 86 Ill. 455; C. B. & Q. R. R. v. Bryan, 90 Ill. 126.

We conclude, then, from an examination of the statute and the authorities cited, that appellant is liable for the acts of its agent in securing policies of insurance, that being his business, although in so doing he may have violated its directions.

The legislature had authority to fix the conditions under which appellant, a foreign insurance company, might do business in this State. In doing business, it accepted these conditions, and if its agent violated them though violating

New York Life Ins. Co. v. The People.

its orders in doing so, the company as well as the agent is liable.

Counsel for appellant say :

" In this case the court erred in refusing to specify on what count or counts he found the issues for the plaintiff; and further, refusing to specify upon what counts he rendered judgment and the amount assessed on each count."

In support of this, C. & A. R. R. Co. v. People, 82 Ill. App. 679, is cited.

The case does not sustain appellant's position. The verdict and judgment in the case at bar are not uncertain, nor in excess of the penalties fixed by statutes.

Counsel for appellant further say :

" In conclusion, we wish to say that the record disclosed, in our judgment, a great number of errors committed by the court in overruling objections by the appellant to evidence offered and introduced by the appellee."

" We do not feel that it is necessary to reproduce from the abstract the multitude of rulings upon points of the introduction of testimony, but appeal to the court for the justice of the appellant's contention that the court overruled valid objections, and suffered testimony to be introduced by the appellee, which was a manifest disregard of the rules regulating the admissibility of testimony.

These errors were, in many instances, allowing the witness to testify to legal conclusions and to state surmises and inferences unsupported by positive facts; admitting written instruments, the executions of which were not legally established."

As counsel have not deemed these alleged errors of sufficient importance to point them out, we conclude that they are not material.

Judgment affirmed.