## Illinois Central Railroad Company v. Seymour Andrews, Administrator, etc.

1. VERDICT—*when, should not be directed.* When there is evidence tending to prove all that is required to warrant a recovery, the court should submit the case to the jury.

2. ERRORS—*when, not considered upon appeal.* Errors assigned but not argued in the brief or discussed in the argument, will not be considered upon appeal.

3. EARNING CAPACITY—*when proof of, properly sought to be made.* Proof of the earning capacity of the deceased in an action on the case for death caused by alleged wrongful act is properly sought to be made by a question and answer as follows: "Q. You may state what Mr. Edmonds' earning ability was; not what he told you himself, but what you know. A. For the last three years from $75 to $100 a month."

4. CROSS-EXAMINATION—*when restriction of, not error.* The restriction of the cross-examination of a friendly witness is not error where the party so restricted subsequently called such witness in his own behalf and failed to avail of the opportunity to adduce the evidence so excluded upon cross-examination.

5. PROHIBITED SPEED—*when running in excess of, confers cause of action.* The fact that a train was being run at a greater rate of speed than was permitted by ordinance, constitutes negligence *per se* and confers a cause of action upon one consequently injured who was upon the premises of the company so violating such ordinance, in good faith for the purpose of taking passage upon one of its trains.

6. INSTRUCTIONS—*how, to be considered.* Instructions are to be considered as a series.

7. DECLARATION—*when, will sustain verdict.* It is not important to determine as to whether there is sufficient evidence to support and warrant a judgment upon the verdict as to each and every count of the declaration; it is entirely sufficient if there be one good count established by the evidence.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

W. W. Barr, for appellant; J. M. Dickinson, of counsel.

W. F. Bundy and Frank F. Noleman, for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action in case in the Circuit Court of Marion County by appellee against appellant, to recover damages resulting from the death of appellee's intestate. Trial by jury. Verdict and judgment in favor of appellee for $5,000.

The declaration consists of five counts. All the counts charge that while the appellee's intestate was lawfully upon appellant's premises in the city of Centralia, where he had gone for the purpose of taking passage on one of its trains, he was struck by another of its trains and killed. The first charges negligence in running in violation of a speed ordinance; the second contains some surplusage, but sufficiently charges common law negligence in running at a high and dangerous rate of speed, under the circumstances as set out; the third charges wilfulness and wantonness in the speed at which the train was being run; the fourth is based upon the same charge of negligence as the first, and the fifth upon the same wilfulness and wantonness as the third.

At the conclusion of plaintiff's evidence in chief, and again at the close of all the evidence, counsel for appellant moved the court to exclude the evidence and direct a verdict in favor of appellant. These motions were denied by the court. Counsel then presented five separate instructions, one as to each count of the declaration, directing the jury to find the defendant not guilty, as to each respective count. These the court refused to give.

An examination of the record discloses evidence tending to prove every material allegation of each and every count of the declaration. "Where there is evidence tending to prove all that is required to warrant a recovery, the court should submit the case to the jury." St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40 (45, 46, 47, 48, 49).

In their statement of the case, counsel for appellant say that " during the progress of the trial, various exceptions were taken to rulings of the court concerning the evidence," and refer to many pages of the abstract where such exceptions are noted. The only references, however, to this feature of the case in either the brief or argument are the following : "(D) The court erroneously admitted opinion evidence as to the earning ability of deceased, abstract, pages 25, 27, when the fact, if admissible at all as evidence, was susceptible of direct evidence, and should have been proven directly, and not as a matter of opinion. (E) The court improperly restricted counsel for defendant in the cross-examination, abstract, page 41, of the witness Winslow; and the subject-matter of the inquiry there excluded was material upon the question as to what knowledge, if any, deceased had of the circumstances and surroundings as affecting the inquiry as to his exercise of care."

We do not deem it our duty to consider exceptions noted in the abstract and referred to in the statement, unless they are brought forward into the brief or discussed in the argument. When counsel allude to supposed errors in the record but do not deem them of sufficient importance to discuss them and attempt to establish them as errors, and to point out how and wherein they have prejudiced their client's cause, the court will presume that they are not in fact errors, or, if errors, that they are not material. N. Y. L. Ins. Co. v. The People, 95 Ill. App. 136.

The evidence complained of and referred to in paragraph " (D)," above quoted, is as follows: " Q. You may state what Mr. Edmonds' earning ability was; not what he told you himself, but what you know. A. For the last three years from $75 to $100 a month." The answer was not objected to, and the only objection noted to the question is : " Objected to by counsel for defendant, for the reason that was prior to the death and is not competent for any purpose under the statute." The trial court properly overruled the objection as there made, and if the record were such as to permit the raising of the question sought to be

raised here, we would not be able to agree with counsel in their contention that it is "opinion evidence" in any such sense as would make it inadmissible.

As to the ruling complained of in paragraph "(E)," above quoted, the question was: "Mr. Edmonds could have gone down on the west side of the tracks, couldn't he?" The trial court was doubtless of opinion that this was not within the scope of proper cross-examination and sustained appellee's objection to the question. The record does not disclose that the fact involved in the question was in any way in issue or of any material importance in the case; and it appears that the witness was an employee of appellant, friendly to it and to its view of the case, and afterwards testified in chief on behalf of appellant, and might have been interrogated upon the same subject if it had been deemed of importance.

The statute provides: "Whenever any railroad corporation shall by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporate limits of any city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine, or car; and the same shall be presumed to have been done by the negligence of said corporation or their agents." Hurd's Revised Statutes, 1903, chap. 114, par. 24.

The speed ordinance then in force in the city of Centralia is as follows: "No railroad company, engineer or other employee of such company, managing or controlling any locomotive engine, car or train, shall run or move the same, or permit the same to be run or moved at a greater rate of speed than ten miles per hour for passenger trains, and six miles per hour for other trains, engines, or cars, under a penalty of not less than ten dollars and not more than two hundred dollars."

The undisputed evidence establishes that appellee's intestate had gone upon appellant's premises in good faith to take passage on one of its trains authorized and accustomed to carry passengers. He was in no sense a trespasser or

wrong-doer. As is held in C., St. P. & K. C. Ry. Co. v. Ryan, 165 Ill. 88, he was as lawfully and rightfully there as was appellant itself. It is conclusively proven by the evidence that the train that struck and killed deceased was being run at the time at a rate of speed greatly in excess of that permitted by the ordinance, and that the place of the injury was within the corporate limits of the city of Centralia. The fact that the train was being run at a greater rate of speed than was permitted by the ordinance, constitutes negligence *per se* on the part of appellant. City of Belleville v. Hoffman, 74 Ill. App. 503. And the statute provides that in such case injury shall be presumed to have been done by the negligence of the railroad corporation. This we think makes a *prima facie* case in favor of appellee under both the *first* and *fourth* counts of the declaration. And in addition to this the jury was abundantly warranted in finding from the testimony and facts and circumstances proven, that deceased was at the time and on the occasion of the injury in the exercise of due care and caution for his own safety.

The court gave to the jury twelve instructions, two on behalf of appellee and ten on behalf of appellant. These instructions are at no point and in no sense repugnant, and clearly fall within that class where all the instructions must be read and considered together as one series, and when that is fairly and impartially done in the light of the evidence bearing upon the material issues and controlling facts of the case, no just cause of complaint on the part of appellant appears.

At the instance of counsel for appellant, the court gave the following instruction : " The court instructs the jury that if you find the defendant guilty, not on all the counts in the declaration, but only on part, then you shall also find on which count or counts you find the defendant guilty." The jury returned the following verdict : " We, the jury, find the defendant guilty as charged in the declaration and assess plaintiff's damages at five thousand dollars." The verdict is responsive to the issues presented and is not violative of the above quoted instruction. It is

not important here to inquire whether there is sufficient evidence to support and warrant judgment upon the verdict as to each and every count of the declaration. It is entirely sufficient if there be one good count fully established by the evidence. C., W. & V. Coal Co. v. Moran, 210 Ill. 9. We are of opinion that upon the whole case the verdict is amply supported by evidence, and that substantial justice has been done.

The judgment of the Circuit Court is affirmed.

*Affirmed.*